CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE PEDRO SANCHEZ FERNANDEZ,
*individually and on behalf of others similarly
situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff*, | |
| | |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| BRONX IRON & STEEL FABRICATORS | |
| INC. (D/B/A BRONX IRON & STEEL), F&B | **ECF Case** |
| IRONWORKS (D/B/A IRONWORKS), | |
| MAMADOU BATHILY, and FATHIMA | |
| BATHILY A/K/A MICHELLE THIAM, | |

*Defendants.*
-------------------------------------------------------X

Plaintiff Jose Pedro Sanchez Fernandez ("Plaintiff Sanchez" or "Mr. Sanchez"),

individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal,

P.C., upon his knowledge and belief, and as against Bronx Iron & Steel Fabricators Inc. (d/b/a

Bronx Iron & Steel), F&B Ironworks (d/b/a Ironworks), ("Defendant Corporations"), Mamadou

Bathily and Fathima Bathily A/K/A Michelle Thiam, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

## NATURE OF ACTION

1.        Plaintiff Sanchez is a former employee of Defendants Bronx Iron & Steel

Fabricators Inc. (d/b/a Bronx Iron & Steel), F&B Ironworks (d/b/a Ironworks), Mamadou Bathily,

and Fathima Bathily A/K/A Michelle Thiam.

2.      Defendants own, operate, or control a welding company, located at 542 Barretto Street Bronx, NY 10474 under the names "Bronx Iron & Steel" and "Ironworks".

3.      Upon information and belief, individual Defendants Mamadou Bathily and Fathima Bathily A/K/A Michelle Thiam, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the welding company as a joint or unified enterprise.

4.      Plaintiff Sanchez was employed at the welding company located at 542 Barretto Street Bronx, NY 10474.

5.      At all times relevant to this Complaint, Plaintiff Sanchez worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Sanchez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Sanchez wages on a timely basis.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff Sanchez Defendants' conduct extended beyond Plaintiff Sanchez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and

650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Sanchez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sanchez's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a welding company located in this district. Further, Plaintiff Sanchez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Jose Pedro Sanchez Fernandez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Sanchez was employed by Defendants at Bronx Iron and Steel and Ironworks from approximately 2014 until on or about December 2021.

16.     Plaintiff Sanchez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a welding company, located at 542 Barretto Street Bronx, NY 10474 under the name "Bronx Iron & Steel" and at 115 West 142nd Street, New York, NY 10030 under the name "Ironworks".

18.     Upon information and belief, Bronx Iron & Steel Fabricators Inc. (d/b/a Bronx Iron & Steel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 542 Barretto Street Bronx, NY 10474.

19.     Upon information and belief, F&B Ironworks (d/b/a Ironworks) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 115 West 142nd Street, New York, NY 10030.

20.     Defendant Mamadou Bathily is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mamadou Bathily is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mamadou Bathily possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Fathima Bathily A/K/A Michelle Thiam is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fathima Bathily A/K/A Michelle Thiam is sued individually in her capacity as a manager of

Defendant Corporations. Defendant Fathima Bathily A/K/A Michelle Thiam possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate a welding company located in a neighborhood in Bronx.

23.     Individual Defendants, Mamadou Bathily and Fathima Bathily A/K/A Michelle Thiam, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Sanchez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Sanchez (and all similarly situated employees) and are Plaintiff Sanchez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Mamadou Bathily and Fathima Bathily A/K/A Michelle Thiam operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Sanchez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Sanchez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

30.     In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the welding company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Sanchez is a former employee of Defendants who was employed as a sheet metal worker.

33.     Plaintiff Sanchez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Pedro Sanchez Fernandez*

34.     Plaintiff Sanchez was employed by Defendants from approximately 2014 until on or about December 2021.

35.     Defendants employed Plaintiff Sanchez as a sheet metal worker.

36.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as metals, iron, and other supplies produced outside the State of New York.

37.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

39.     From approximately 2016 until on or about February 2020, Plaintiff Sanchez worked at Bronx Iron and Steel as a sheet metal worker from approximately 7 a.m. until on or

about 3:30 p.m., Monday through Friday and from approximately 7 a.m. until on or about 3:30 p.m., Saturday (typically 42.5 to 51 hours per week).

40.     From approximately May 2020 until on or about October 2021, Plaintiff Sanchez worked at Bronx Iron and Steel as a sheet metal worker from approximately 7 a.m. until on or about 3:30 p.m., Monday through Friday and from approximately 7 a.m. until on or about 3:30 p.m., Saturday (typically 42.5 to 51 hours per week).

41.     From approximately October 2021 until on or about December 2021, Plaintiff Sanchez worked at Ironworks as a sheet metalworker from approximately 7:00 a.m. until on or about 3:30 p.m., Monday through Friday and from approximately 7 a.m. until on or about 3:30 p.m., Saturday (typically 42.5 to 51 hours per week).

42.     From approximately August 2016 until on or about October 2021, Defendants paid Plaintiff Sanchez his wages in a combination of check and cash.

43.     From approximately October 2021 until on or about December 2021, Defendants paid Plaintiff Sanchez his wages in cash.

44.     From approximately August 2016 until on or about December 2021, Defendants paid Plaintiff Sanchez a fixed salary of $680 per week. If he worked on Saturdays, Defendants paid Plaintiff Sanchez $132 per day of work.

45.     For approximately 21 weeks, Defendants did not pay Plaintiff Sanchez any wages for his work. In addition, Defendants failed to pay Plaintiff Sanchez 9 Saturday's worth of wages.

46.     After approximately May 2020, Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Sanchez an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51.     Plaintiff Sanchez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53.     Defendants paid Plaintiff Sanchez his wages in check and cash.

54.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sanchez (and similarly situated individuals) worked, and to avoid paying Plaintiff Sanchez properly for his full hours worked.

56.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sanchez and other similarly situated former workers.

58.     Defendants failed to provide Plaintiff  Sanchez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59.     Defendants failed to provide Plaintiff Sanchez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60.     Plaintiff Sanchez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61.     At all relevant times, Plaintiff Sanchez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

62.     The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

64.     At all times relevant to this action, Defendants were Plaintiff Sanchez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff

Sanchez (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

65.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

67.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Sanchez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68.     Defendants' failure to pay Plaintiff Sanchez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69.     Plaintiff Sanchez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

70.      Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

71.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sanchez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72.     Defendants' failure to pay Plaintiff Sanchez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

73.     Plaintiff Sanchez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

74.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants failed to provide Plaintiff Sanchez with a written notice, in English and in Spanish (Plaintiff Sanchez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

76.     Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

77.     Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

78.     With each payment of wages, Defendants failed to provide Plaintiff Sanchez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

79.     Defendants are liable to Plaintiff Sanchez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

80.     Plaintiff Sanchez repeats and realleges all paragraphs above as though set forth fully herein.

81.     Defendants did not pay Plaintiff Sanchez on a regular weekly basis, in violation of NYLL §191.

82.     Defendants are liable to Plaintiff Sanchez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sanchez and the FLSA Class members;

(e)     Awarding Plaintiff Sanchez and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Sanchez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sanchez;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Sanchez;

(i)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Sanchez's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Sanchez;

(l)      Awarding Plaintiff Sanchez damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Sanchez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Sanchez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Sanchez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Sanchez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Sanchez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

      August 29, 2022

                            CSM LEGAL, P.C

By:          /s/ Catalina Sojo, Esq.
                         Catalina Sojo [CS-5779517]
                         60 East 42nd Street, Suite 4510
                         New York, New York 10165
                         Telephone: (212) 317-1200
                         Facsimile: (212) 317-1620
                         *Attorneys for Plaintiff*